ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

\- v. -

SKYLAR DAVIS,
a/k/a "S-Dot,"
ARDAE HINES,
a/k/a "Young Money,"
a/k/a "YM,"
DAVONTE HAWKINS,
a/k/a "Dirty D,"
MICHAEL SIMMONS,
a/k/a "LoSo,"
DEMETRICE MCLEAN,
a/k/a "Blocks,"
a/k/a "Demit,"
CHRISTOPHER DAVIS,
a/k/a "Whitebread,"
DIAMANTE FRAZIER,
a/k/a "Bro God,"
DITAVIOUS WILLIAMS,
a/k/a "Glock Doc,"
DONTE NUGENT,
a/k/a "Wildman,"
DAVANTE NUGENT,
a/k/a "Trap God,"
a/k/a "Tay Tay,"
CALVIN LEMBHARD,
a/k/a "Forty,"
PARADISE BRANCH,
a/k/a "Bigga,"
a/k/a "Petey,"
WILLIAM FENNELL,
a/k/a "Mills,"
WILFREDO RUIZ,
a/k/a "Pop,"
TEVON ADAMS,
a/k/a "Cooj,"
DWIGHT McCARDLE,
a/k/a "Ike,"
TRISTAN HILGERS,
SETH BLAIN,
KYLE BLAIN, and

**SEALED INDICTMENT**

17 Cr.

17 CRIM 364

ROBERT ZUCHOWSKI, :
:
Defendants. :
:
- - - - - - - - - - - - - - - - x

**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

The Enterprise

1. At all times relevant to this Indictment, SKYLAR DAVIS, a/k/a "S-Dot," ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DAVONTE HAWKINS, a/k/a "Dirty D," MICHAEL SIMMONS, a/k/a "LoSo," DEMETRICE MCLEAN, a/k/a "Blocks," a/k/a "Demit," CHRISTOPHER DAVIS, a/k/a "Whitebread," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," CALVIN LEMBHARD, a/k/a "Forty," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," the defendants, and others known and unknown, were members and associates of the Southside Gang, ("Southside" or the "Enterprise"), a criminal organization whose members and associates engaged in, among other activities, narcotics trafficking, robbery, and acts involving murder. Southside operated principally in and around the City of Newburgh, New York.

2. Southside, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group

of individuals associated in fact, although not a legal entity. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise. At all times relevant to this Indictment, the Enterprise has engaged in, and its activities affected, interstate and foreign commerce. The defendants participated in the operation and management of the Enterprise and participated in unlawful and other activity in furtherance of the conduct of the Enterprise's affairs.

3. Members and associates of Southside sold heroin and cocaine base, commonly known as "crack cocaine," and marijuana in and around the intersection of South Street and Chambers Street, in an area commonly referred to as "the Southside" of the City of Newburgh, New York. Southside controlled heroin, crack cocaine, and marijuana sales within this area by prohibiting and preventing non-members, outsiders, and rival narcotics dealers from travelling to or distributing drugs in the area controlled by the Enterprise.

4. Certain members and associates of Southside committed and agreed, attempted, and threatened to commit acts of violence to protect and expand their drug trafficking operation and to protect fellow members and associates of the Enterprise. These acts of violence included assaults, attempted murder, and murder intended either to protect the Enterprise's drug territory,

enforce discipline amongst members of Southside, or to otherwise promote the standing and reputation of Southside.

Purposes of the Enterprise

5. The purposes of the Enterprise included the following:

a. Preserving and protecting the power, territory, and profits of the Enterprise through assault, attempted murder, murder and other acts of violence and threats of violence.

b. Promoting and enhancing the Enterprise and the activities of its members and associates.

c. Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d. Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e. Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics, including heroin, crack cocaine, and marijuana.

f. Protecting the enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the enterprise.

Means and Methods of the Enterprise

6. Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a. Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including assault, attempted murder, and murder against rival gang members and other individuals adverse to the Enterprise.

b. Members and associates of the Enterprise promoted and celebrated the criminal conduct of the enterprise, namely the narcotics distribution, acts involving violence, and firearm usage, on social media websites such as Facebook.

c. Members and associates of the Enterprise obtained, possessed, and used firearms.

d. Members and associates of the Enterprise distributed controlled substances, including heroin, crack cocaine, and marijuana.

e. Members and associates of the Enterprise committed acts of intimidation and made threats as a means of deterring and punishing any potential witnesses to their crimes and in connection with protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities.

The Racketeering Conspiracy

7. From at least in or about 2015, up to and including in or about May 2017, in the Southern District of New York and elsewhere, SKYLAR DAVIS, a/k/a "S-Dot," ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DAVONTE HAWKINS, a/k/a "Dirty D," MICHAEL SIMMONS, a/k/a "LoSo," DEMETRICE MCLEAN, a/k/a "Blocks," a/k/a "Demit," CHRISTOPHER DAVIS, a/k/a "Whitebread," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," CALVIN LEMBHARD, a/k/a "Forty," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," the defendants, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs One through Six of this Indictment, to wit, Southside, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of Southside, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity consisting of:

a. Multiple acts involving murder, chargeable under the following provisions of state law:

i. New York Penal Law, Sections 20.00,

110.00 and 125.25 (attempted murder);

ii. New York Penal Law, Sections 105.15 and 125.25 (conspiracy to murder);

iii. New York Penal Law, Sections 20.00 and 125.25 (murder);

b. Multiple acts involving robbery, chargeable under the following provisions of state law:

i. New York Penal Law, Sections 20.00, 110.00, 160.00, 160.05, 160.10, and 160.15 (attempted robbery);

ii. New York Penal Law, Sections 105.05, 105.10, 160.00, 160.05, 160.10, and 160.15 (conspiracy to commit robbery);

iii. New York Penal Law, Sections 20.00, 160.00, 160.05, 160.10, and 160.15 (robbery);

c. Multiple offenses involving the distribution of controlled substances, including heroin, crack cocaine, and marijuana, in violation of the laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2.

8. It was a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the

Enterprise.

Notice of Special Sentencing Factors

9. From at least in or about 2015, up to and including in or about May 2017, in the Southern District of New York and elsewhere, ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," and CHRISTOPHER DAVIS, a/k/a "Whitebread," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

10. It was a part and an object of the conspiracy that ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," and CHRISTOPHER DAVIS, a/k/a "Whitebread," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute (a) 1 kilogram and more of mixtures and substances containing a detectable amount of heroin; and (b) 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation of Title 21, United States Code, Sections 841(a)(1),841(b)(1)(A), and 846.

(Title 18, United States Code, Section 1962(d).)

**COUNT TWO**
**(Assault with a Deadly Weapon and Attempted Murder in Aid of Racketeering Activity)**

The Grand Jury further charges:

11. At all times relevant to this Indictment, Southside, as more fully described in Paragraphs One through Six of this Indictment, which are realleged and incorporated by reference as though set forth fully herein, including its leadership, its membership, and its associates, constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

12. At all times relevant to this Indictment, the above-described Enterprise, through its members and associates, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely, acts involving murder and robbery in violation of the laws of New York State, and offenses involving drug trafficking in violation of 21 U.S.C. Sections 812, 841, and 846.

13. On or about December 11, 2015, in the Southern District of New York, SKYLAR DAVIS, a/k/a "S-Dot," the

defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Southside, and for the purpose of gaining entrance to and maintaining and increasing position in Southside, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted with a dangerous weapon and attempted to murder an individual; and aided and abetted the same, to wit, SKYLAR DAVIS, a/k/a "S-Dot," shot at a car in which members of a rival gang known as the Yellow Tape Money Gang, or "YTMG" were driving, and caused the car to crash, which resulted in injury to those YTMG members, in the vicinity of South Street and Liberty Street in the City of Newburgh, New York, in violation of New York Penal Law, Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code, Sections 1959(a)(3), 1959(a)(5), and 2.)

**COUNT THREE**
**(Narcotics Conspiracy)**

The Grand Jury further charges:

14. From at least in or about 2014, up to and including in or about June 2017, in the Southern District of New York and elsewhere, WILLIAM FENNELL, a/k/a "Mills," ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a

"Wildman," DAVANTE NUGENT, a/k/a "Trap God," a/k/a "Tay Tay," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," WILFREDO RUIZ, a/k/a "Pop," TEVON ADAMS, a/k/a "Cooj," DWIGHT McCARDLE, a/k/a "Ike," TRISTAN HILGERS, SETH BLAIN, KYLE BLAIN, and ROBERT ZUCHOWSKI, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

15. It was a part and an object of the conspiracy that WILLIAM FENNELL, a/k/a "Mills," ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," DAVANTE NUGENT, a/k/a "Trap God," a/k/a "Tay Tay," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," WILFREDO RUIZ, a/k/a "Pop," TEVON ADAMS, a/k/a "Cooj," DWIGHT McCARDLE, a/k/a "Ike," TRISTAN HILGERS, SETH BLAIN, KYLE BLAIN, and ROBERT ZUCHOWSKI, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

16. The controlled substances that WILLIAM FENNELL, a/k/a "Mills," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," DAVANTE NUGENT, a/k/a "Trap God," a/k/a "Tay Tay," and PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," the

defendants, conspired to distribute and possess with the intent to distribute were (a) one kilogram and more of mixtures and substances containing a detectable amount of heroin, and (b) 280 grams and more of mixtures and substances containing a detectable form of cocaine base in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

17. The controlled substance that ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DIAMANTE FRAZIER, a/k/a "Bro God," WILFREDO RUIZ, a/k/a "Pop," and ROBERT ZUCHOWSKI, the defendants, conspired to distribute and possess with the intent to distribute was one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A).

18. The controlled substance that TEVON ADAMS, a/k/a "Cooj," DWIGHT McCARDLE, a/k/a "Ike," SETH BLAIN, and KYLE BLAIN, the defendants, conspired to distribute and possess with the intent to distribute was 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(B).

19. The controlled substances that TRISTAN HILGERS, the defendant, conspired to distribute and possess with the intent to distribute was (a) 100 grams and more of mixtures and substances containing a detectable amount of heroin, and (b) 28

grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(B).

OVERT ACTS

20. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about February 19, 2017, PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," sent a text message to WILLIAM FENNELL, a/k/a "Mills," requesting a supply of heroin.

b. On or about February 20, 2017, DWIGHT McCARDLE, a/k/a "Ike," had a phone conversation with WILLIAM FENNELL, a/k/a "Mills" in which McCARDLE indicated he would send FENNELL a customer for the purpose of a narcotics transaction.

c. On or about February 22, 2017, SETH BLAIN exchanged several text messages with WILLIAM FENNELL, a/k/a "Mills," to coordinate the purchase of heroin.

d. On or about February 24, 2017, DITAVIOUS WILLIAMS, a/k/a "Glock Dock," had a phone conversation during which he discussed purchasing heroin from WILLIAM FENNELL, a/k/a "Mills."

e. On or about February 25, 2017, DAVANTE NUGENT, a/k/a "Trap God," a/k/a "Tay Tay," had a phone conversation

during which he requested a delivery of heroin from WILLIAM FENNELL, a/k/a "Mills."

f. On or about March 4, 2017, TRISTAN HILGERS sent several text messages to WILLIAM FENNELL, a/k/a "Mills," to request the purchase of both heroin and crack cocaine.

g. On or about March 7, 2017, DIAMANTE FRAZIER, a/k/a "Bro God," had a phone conversation with WILLIAM FENNELL, a/k/a "Mills," during which FENNELL indicated that he was sending a customer to purchase heroin from FRAZIER.

h. On or about March 9, 2017, KYLE BLAIN sent a text message to WILLIAM FENNELL, a/k/a "Mills," requesting to purchase heroin.

i. On or about March 10, 2017, DONTE NUGENT, a/k/a "Wildman," had a phone conversation with WILLIAM FENNELL, a/k/a "Mills," during which they discussed pooling their money in order to pay for a resupply of narcotics.

j. On or about March 11, 2017, WILLIAM FENNELL, a/k/a "Mills," and ARDAE HINES, a/k/a "Young Money," a/k/a "YM," had a phone conversation during which they discussed the quality of heroin that HINES supplied to FENNELL.

k. On or about March 12, 2017, WILLIAM FENNELL, a/k/a "Mills," and TEVON ADAMS, a/k/a "Cooj," had a phone conversation in which ADAMS agreed to supply FENNELL's customers with narcotics while FENNELL visited Miami.

l. On or about March 16, 2017, WILLIAM FENNELL, a/k/a "Mills," and WILFREDO RUIZ, a/k/a "Pop," had a phone conversation to coordinate the delivery of a resupply of narcotics.

m. On or about February 21, 2017, ROBERT ZUCHOWSKI, exchanged several text messages and phone calls with WILLIAM FENNELL, a/k/a "Mills," to coordinate the purchase of heroin.

(Title 21, United States Code, Section 846.)

**COUNT FOUR**
**(Narcotics Conspiracy)**

The Grand Jury further charges:

21. From at least in or about 2014, up to and including in or about June 2017, in the Southern District of New York and elsewhere, ARDAE HINES, a/k/a "Young Money," a/k/a "YM," CHRISTOPHER DAVIS, a/k/a "Whitebread," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

22. It was a part and an object of the conspiracy that ARDAE HINES, a/k/a "Young Money," a/k/a "YM," CHRISTOPHER DAVIS, a/k/a "Whitebread," the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

23. The controlled substances that ARDAE HINES, a/k/a "Young Money," a/k/a "YM," CHRISTOPHER DAVIS, a/k/a "Whitebread," the defendants, conspired to distribute and possess with the intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount of crack cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

OVERT ACTS

24. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about the Summer of 2015, HINES sold crack cocaine directly to customers in the City of Newburgh, New York and sent some of those customers to collect crack cocaine from DAVIS.

b. In or about May 2017, DAVIS sold crack cocaine to a confidential informant in the City of Newburgh, New York.

(Title 21, United States Code, Section 846.)

**COUNT FIVE**
**(Firearms Offense)**

The Grand Jury further charges:

25. From at least in or about 2015 up to and including in or about May 2016, in the Southern District of New York and

elsewhere, SKYLAR DAVIS, a/k/a "S-Dot," the defendant, during and in relation to crimes of violence and a narcotics trafficking crime for which he may be prosecuted in a court of the United States, namely, (i) the racketeering conspiracy charged in Count One of this Indictment, and (ii) the assault with a deadly weapon and attempted murder charged in Count Two of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

**COUNT SIX**
**(Firearms Offense)**

The Grand Jury further charges:

26. From at least in or about 2015 up to and including in or about May 2017, in the Southern District of New York and elsewhere, DEMETRICE MCLEAN, a/k/a "Blocks," a/k/a "Demit," DIAMANTE FRAZIER, a/k/a "Bro God," and CALVIN LEMBHARD, a/k/a "Forty," the defendants, during and in relation to crimes of violence and a narcotics trafficking crime for which they may be prosecuted in a court of the United States, namely, (i) the racketeering conspiracy charged in Count One of this Indictment, and (ii) the narcotics conspiracy charged in Count Three of this

Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

**FORFEITURE ALLEGATION AS TO COUNT ONE**

27. As a result of committing the offense alleged in Count One of this Indictment, SKYLAR DAVIS, a/k/a "S-Dot," ARDAE HINES, a/k/a "Young Money," a/k/a "YM," DAVONTE HAWKINS, a/k/a "Dirty D," MICHAEL SIMMONS, a/k/a "LoSo," DEMETRICE MCLEAN, a/k/a "Blocks," a/k/a "Demit," CHRISTOPHER DAVIS, a/k/a "Whitebread," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," CALVIN LEMBHARD, a/k/a "Forty," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly,

from the offense alleged in Count One of this Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense alleged in Count One.

**FORFEITURE ALLEGATION AS TO COUNTS THREE and FOUR**

As a result of committing the controlled substance offense charged in Counts Three and Four of this Indictment, WILLIAM FENNELL, a/k/a "Mills," ARDAE HINES, a/k/a "Young Money," a/k/a "YM," CHRISTOPHER DAVIS, a/k/a "Whitebread," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," DAVANTE NUGENT, a/k/a "Trap God," a/k/a "Tay Tay," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," WILFREDO RUIZ, a/k/a "Pop," TEVON ADAMS, a/k/a "Cooj," DWIGHT McCARDLE, a/k/a "Ike," TRISTAN HILGERS, SETH BLAIN, KYLE BLAIN, and ROBERT ZUCHOWSKI, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses charged in Counts Three and Four, and any property used, or intended to be used, in any manner or part, to commit and to facilitate the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses alleged in Counts Three and Four.

## Substitute Assets Provision

28. If any of the above-described forfeitable property, as a result of any act or omission of WILLIAM FENNELL, a/k/a "Mills," ARDAE HINES, a/k/a "Young Money," a/k/a "YM," CHRISTOPHER DAVIS, a/k/a "Whitebread," DIAMANTE FRAZIER, a/k/a "Bro God," DITAVIOUS WILLIAMS, a/k/a "Glock Dock," DONTE NUGENT, a/k/a "Wildman," DAVANTE NUGENT, a/k/a "Trap God," a/k/a "Tay Tay," PARADISE BRANCH, a/k/a "Bigga," a/k/a "Petey," WILFREDO RUIZ, a/k/a "Pop," TEVON ADAMS, a/k/a "Cooj," DWIGHT McCARDLE, a/k/a "Ike," TRISTAN HILGERS, SETH BLAIN, KYLE BLAIN, and ROBERT ZUCHOWSKI, the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m) and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963, and Title 21, United States Code, Section 853.)

FOREPERSON

Joon H. Kim
JOON H. KIM
Acting United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**SKYLAR DAVIS, et al.**

**Defendants.**

**SEALED INDICTMENT**

17 Cr.

(18 U.S.C. §§ 924(c), 1959, 1962, and 2;
21 U.S.C. § 846.)

JOON H. KIM

Foreperson. Acting United States Attorney.